IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT MCNAIRY,

                Petitioner,

v.

L.C. WARD,[1]

                Respondent.

OPINION & ORDER

15-cv-97-jdp

---

Pro se prisoner Robert McNairy is in the custody of the Federal Bureau of Prisons (BOP).[2] Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, contending that he is entitled to Grade 1 pay, back pay, and bonus pay from October 2012 to the present. Petitioner's initial petition is rather skeletal, stating only a brief request for relief. Dkt. 1. But petitioner has filed a motion for leave to file supplemental documents in support of his petition. Dkt. 7 and Dkt. 9. I will grant the motion to amend and consider the supplemental documents with his original complaint. But even with the benefit of the supplemental documents, I conclude that petitioner cannot proceed with a claim under § 2241. I will dismiss the petition.

---

[1] Petitioner has named "Mr. Ward Waeden" as respondent in this case, which I understand to be petitioner's attempt to name L.C. Ward, warden of Oxford Federal Correctional Institution, as respondent, and I have amended the caption accordingly.

[2] Petitioner was housed at the Federal Correctional Institution in Oxford, Wisconsin when he filed his petition, but the BOP has since transferred him to the Federal Correctional Institution in Sandstone, Minnesota. Dkt. 11.

BACKGROUND

I draw the following information from the petition and the supplemental documents that petitioner has filed in support of the petition.

Petitioner filed a grievance with the BOP concerning the fact that he was not receiving "Grade 1 pay" for his work in food service. Although plaintiff does not explain what happened at the lower level, petitioner filed a Central Office Administrative Remedy Appeal on March 17, 2014. Dkt. 9, at 3. In the appeal, petitioner stated that he was looking for "Grade 1 pay, all of my back pay and bonus pay from OCT-2012 to the present." *Id.* Petitioner stated that "they" (presumably unidentified BOP officials) gave three other individuals Grade 1 pay but not petitioner. Petitioner believes that his supervisor, a Mr. Sears, had a "personal vendetta" against him, which motivated him to withhold the Grade 1 promotion.

Ian Connors, administrator for national inmate appeals, sent petitioner a response on February 5, 2016. Mr. Connors explained that he had reviewed petitioner's appeal and concurred with the manner in which the warden and regional director handled the grievance at the lower level. Dkt. 9, at 2.

ANALYSIS

Petitioner has not stated a claim for relief pursuant to § 2241. Section 2241 provides that the "writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The "essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from

illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Here, petitioner asks for monetary relief in the form of a pay raise. But this type of relief does not fall within the "core of habeas corpus" because it would not "necessarily spell speedier release." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (citation and internal quotation marks omitted). Petitioner does not challenge the fact or duration of his confinement, nor does he seek immediate or speedier release from custody. Petitioner has not stated a claim for relief pursuant to § 2241.

Based on the petition, I am not persuaded that it would be appropriate to convert this case into a civil rights suit. *See Glaus v. Anderson*, 408 F.3d 382, 389 (7th Cir. 2005) (deciding that the petitioner's complaint was "not amenable to conversion" because the named respondent (the warden) would almost certainly not be the correct defendant were the court to convert the claim to one pursuant to 42 U.S.C. § 1983). Here, the respondent—the warden of petitioner's former institution—would likely not be the proper defendant for a civil rights claim. Nor is it clear that petitioner believes that the BOP violated his constitutional rights; rather, he appears to seek only a second opinion on whether he is entitled to Grade 1 pay. I will therefore dismiss this petition. But my dismissal will be without prejudice to petitioner pursuing his claims in a new civil rights suit. Any new suit would be governed by the provisions of the Prison Litigation Reform Act. Specifically, petitioner would be required to pay a filing fee ($400) and could be assessed a "strike" if the court determines that his suit is frivolous, malicious, or fails to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that:

1. Petitioner Robert McNairy's petition for a writ of habeas corpus, Dkt. 1, is DISMISSED without prejudice.

2. The clerk of court is directed to close this case.

Entered April 18, 2016.

                              BY THE COURT:

                              /s/

                              _____

                              JAMES D. PETERSON
                              District Judge